Argued May 8, affirmed May 21, 1973

STATE HIGHWAY COMMISSION, *Appellant, v.*
CHAPARRAL RECREATION ASSOCIATION
ET AL (No. 2327-L), *Respondents.*

510 P2d 352

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Owen M. Panner,* Bend, argued the cause for re-

spondents. With him on the brief was Roy Kilpatrick, John Day.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This appeal is from a compensation award in a condemnation action under ORS 390.805 through 390.925 which is the Scenic Waterways Act adopted by initiative on November 3, 1970. The Act became effective December 3, 1970.

Prior to November 3, 1970 Chaparral Recreation Association had acquired and had started developing for recreation purposes approximately 2,500 acres of land along and near the John Day River a few miles upstream from the highway crossing at Clarno. The land consisted of two noncontiguous parcels with extensive river frontage and other noncontiguous parcels of semiarid grazing land in adjacent hills. Chaparral had planned and had commenced extensive development of the better piece of bottom land along the John Day River. Numerous lots had been platted which would be sold for mobile home sites to people to whom the area was attractive on account of its climate, fishing, hunting, rock gathering and dude ranch atmosphere. In connection with the development a recreation hall, swimming pool, well, pump, water lines, power lines, fencing and other similar improvements had been commenced at the time the Act became effective. Several of the lots had been sold and a few mobile homes were installed thereon.

The evidence was that soon after December 3, 1970 Chaparral made contact with plaintiff's employes

and was informed by one or two of them that the project was not violative of the Act and that it could proceed. We do not have presented the question of whether this can be viewed as a valid clearance. Chaparral did proceed with the improvements until, in a letter dated July 2, 1971, the Oregon Attorney General, purportedly on behalf of the Highway Commission, notified Chaparral that the improvements were prohibited by the Act and progress thereon should cease. Chaparral stopped work on the improvements, and filed a form notice dated July 26, 1971 of its intention to proceed. The Highway Commission in a letter dated September 15, 1971 notified Chaparral that the request to proceed with the plan was denied. Thereafter, the condemnation was commenced.[1]

---

[1] Parts of the Act which define the authority of the commission and the procedures that were followed are:

ORS 390.845:

"(1) Except as provided in subsection (3) of ORS 390.835, scenic waterways shall be administered by the [highway] commission, each in such manner as to protect and enhance the values which caused such scenic waterway to be included in the system. In such administration primary emphasis shall be given to protecting the esthetic, scenic, fish and wildlife, scientific and recreation features, based on the special attributes of each area.

"(2) * * * * *

"(e) Unless commission approval of the proposed use is obtained under subsection (4) or (5) of this section, no commercial, business or industrial structures or buildings other than structures or buildings erected in connection with an existing use shall be erected or placed on related adjacent land. All structures and buildings erected or placed on such land shall be in harmony with the natural beauty of the scenic waterway and shall be placed a sufficient distance from other structures or buildings so as not to impair substantially such natural beauty. No signs or other forms of outdoor advertising that are visible from waters within a scenic waterway shall be constructed or maintained.

"(3) No person shall put related adjacent land to [prohibited] uses * * * unless the owner of the land has given to

The only question raised in the trial court proceeding was that of just compensation. The trial court determined that Chaparral was entitled to compensation for the taken land with improvements valued as

the commission written notice of such proposed use at least one year prior thereto and has submitted to the commission with the notice a specific and detailed description of such proposed use or has entered into agreement for such use with the commission under subsection (5) of this section * * *.

"(4) Upon receipt of the written notice provided in subsection (3) of this section, the commission shall first determine whether in its judgment the proposed use would impair substantially the natural beauty of a scenic waterway. If the commission determines that the proposal, if put into effect, would not impair substantially the natural beauty of the scenic waterway, the commission shall notify in writing the owner of the related adjacent land that he may immediately proceed with the proposed use as described to the commission. If the commission determines that the proposal, if put into effect, would impair substantially the natural beauty of the scenic waterway, the commission shall notify in writing the owner of the related adjacent land of such determination and no steps shall be taken to carry out such proposal until at least one year after the original notice to the commission. During such period:

"(a) The commission and the owner of the land involved may agree upon modifications or alterations of the proposal so that implementation thereof would not in the judgment of the commission impair substantially the natural beauty of the scenic waterway; or

"(b) The commission may acquire by purchase, gift or exchange, the land involved or interests therein, including scenic easements, for the purpose of preserving the natural beauty of the scenic waterway.

"(5) The commission, upon written request from an owner of related adjacent land, shall enter into negotiations and endeavor to reach agreement with such owner establishing for the use of such land a plan that would not impair substantially the natural beauty of the scenic waterway. At the time of such request for negotiations, the owner may submit a plan in writing setting forth in detail his proposed uses. Three months after the owner makes such a request for negotiations with respect to use of land, either the commission or the owner may give written notice that the negotiations are terminated without agreement. Nine months after the notice of termination of negotiations the owner may use his land in

of January 20, 1972 (the date of taking) in a total amount of $166,307. Plaintiff had contended that the land should have been valued as of January 20, 1972 (the date of taking) but that the improvements should only have been valued as of the effective date of the Act—that is, December 3, 1970—and that Chaparral was entitled to no compensation for improvement value created between that date and the date of the taking. The basis of this contention is the wording of ORS 390.845 (7) quoted in the footnote. At the conclusion of testimony the parties stipulated in open court that the improvements were 50 per cent completed on December 3, 1970. Of the $166,307 allowed, $69,225 was for such improvements. Therefore, if the state's contention is correct the amount of the award should include only 50 per cent of $69,225, and the compensation reduced accordingly.

In reply to questions from this court, counsel agreed at oral argument that the only question to be decided on this appeal is whether the trial court should

---

conformity with any specific written plan submitted by the owner prior to or during negotiations. In the event the commission and the owner reach agreement establishing a plan for land use, such agreement is terminable upon at least one year's written notice by either the commission or the owner.

"(6) * * * [T]he commission may institute condemnation proceedings and by condemnation acquire related adjacent land:

"* * * * *

"(7) In such condemnation the owner of the land shall not receive any award for the value of any structure, utility, road or other improvement constructed or erected upon the land after December 3, 1970, unless the commission has received written notice of such proposed structure, utility, road or other improvement at least one year prior to commencement of construction or erection of such structure, utility, road or other improvement or unless the commission has given approval * * *.

"* * * * *"

have used the date of December 3, 1970 instead of January 20, 1972 to determine the amount to be paid on account of the improvements. We deem this agreement to have eliminated one of plaintiff's assignments of error having to do with severance damage.

The Act has no provision in it relating to procedures for taking or compensation for improvements in progress at the effective date of the Act. It would have been impossible for Chaparral to have given the one-year notice required by ORS 390.845 (3) and (7) for the simple reason that it had commenced the improvements before there was an Act. Plaintiff contends that Chaparral should have ceased improving in accordance with its development plan and have given written notice of intention to proceed on or immediately after the effective date of the Act, and then have waited for up to one year for the commission to act or negotiate. We think such construction of the statute is unreasonable and untenable. This is so under two statutory construction approaches.

First, from our quotation from the Act in the footnote it is seen that ORS 390.845 (2) (e) prohibits new buildings on subject land "* * * other than structures or buildings erected in connection with an existing use * * *." We think the evidence fairly establishes that Chaparral's use was genuinely in existence at the effective date of the Act. When the quoted language is read in connection with all of the rest of the Act, it can reasonably be said that existing uses were not subject to the Act except that they could be condemned in accordance with the Act.[2]

"* * * Statutes authorizing the appropriation

---

[2] For a discussion of whether a landowner has proceeded with a development far enough to have acquired a vested right, see Clackamas Co. v. Holmes, 265 Or 193, 508 P2d 190 (1973).

of private property for public use, being in derogation of vested rights, are strictly construed, but not so as to defeat the intent and manifest purpose of the legislature." Gearhart, *Condemnation Procedures,* 46 Or L Rev 125, 126-27 (1967), citing numerous Oregon cases at 127.

Second, the interpretation argued by the plaintiff is unreasonable and raises a question about the constitutionality of the Act as it is sought to be applied to Chaparral. Art I, § 18 of the Oregon Constitution provides that private property may not be taken for public use without just compensation. When interpreting this section's wording with reference to the question of necessity of taking, the Oregon Supreme Court read into the section the word "reasonable." *Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 336 P2d 39, 337 P2d 810 (1959). We think the word is equally applicable in the context of the case at bar.

We think that the construction of ORS 390.845 (7) argued for by the state, that is, that no compensation may be given *in a case like this* for any improvement completed after December 3, 1970, would result in an equally unreasonable land-use restriction which would deprive Chaparral of its property without just compensation.

██ Given two constructions of the Act, one of which would hold it in part invalid, and the other valid, we apply the one that avoids declaring it invalid in any respect. *Wright v. Blue Mt. Hospital Dist.,* 214 Or 141, 147, 328 P2d 314 (1958). Linde, *Public Law,* 40 Or L Rev 249, 271, n 81 (1961).

We conclude that the trial court correctly allowed compensation for the land and improvements as of the date of taking.

Affirmed.